UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UPDATE, INC. d/b/a UPDATE LEGAL,<br>1140 Avenue of the Americas<br>New York, New York 10036,<br><br>Plaintiff,<br><br>v.<br><br>SAMEER A. DAMRE a/k/a SAM DAMRE,<br>6347 Gray Sea Way<br>Columbia, Maryland 21045,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Update, Inc. d/b/a Update Legal ("Update"), by its attorneys, files this Complaint against defendant, Sameer A. Damre ("Damre"), seeking money damages and other relief for a fraud perpetrated by Damre upon Update and alleges as follows:

### The Parties

1.      Update is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1140 Avenue of the Americas, New York, New York 10036.

2.      Update is a staffing business that, among other things, specializes in the temporary, temporary-to-permanent and permanent placement of employees as attorneys, paralegals, and legal support staff with law firms, corporate legal departments and government agencies.

3.      Damre is an individual residing at 6347 Gray Sea Way, Columbia, Maryland 21045.

4.    Damre was employed by Update as a temporary attorney commencing on or about July 22, 2003.

5.    Upon information and belief, Damre is a member in good standing of the bar of the District of Columbia.

## Jurisdiction and Venue

6.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) in that this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## Factual Allegations

8.    On or about March 25, 2004, Update assigned Damre to the law firm of Morgan Lewis & Bockius LLP ("Morgan Lewis") as a temporary attorney to work at Morgan Lewis's office located at 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004.

9.    Damre was assigned by Morgan Lewis to work for one of Morgan Lewis's clients (the "Assignment").

10.    Damre initially worked on the Assignment at Morgan Lewis's client located in Washington, D.C.

11.    In or about June 2004, Damre's Assignment at Morgan Lewis was relocated to its client's office located in Baltimore, Maryland.

12.    Damre was required by Update to submit a weekly timesheet to Update that reflected the number of hours actually worked by Damre for each day of the week on the Assignment (the "Timesheets").

2

13.    On each Timesheet, Damre was required to set forth each day worked, the time started, the time finished and the total number of hours worked per day.

14.    Upon receipt of Damre's weekly Timesheet, Damre was paid by Update at the rate of $45.00 per hour ($67.50 per hour for overtime) for the services that he represented to Update were performed by him on the Assignment.

15.    Upon receipt of each Timesheet, Update initially would send an invoice to Morgan Lewis for the services provided by Update, including the services provided by Damre.

16.    At a certain point in time, Update, Morgan Lewis and Morgan Lewis's client agreed that Update would send an invoice directly to Morgan Lewis's client in order to simplify the administration of the billing process.

### Damre's Fraudulent Conduct

17.    Without the knowledge or consent of Update, on or about September 16, 2004, Damre started to perform services directly for Morgan Lewis's client.

18.    From on or about September 16, 2004, Damre was paid directly by Morgan Lewis's client.

19.    Unbeknownst to Update, from on or about September 16, 2004, Damre ceased performing any meaningful services for Update.

20.    From on or about September 16, 2004 through December 18, 2005, Damre submitted false Timesheets to Update.

21.    From on or about September 16, 2004 through December 18, 2005, Update paid Damre for hours not worked that were reflected in the false Timesheets.

## COUNT 1 - FRAUD

22.    Update incorporates by this reference paragraphs 1 through 21, inclusive, of this Complaint as if set forth in full herein.

23.    Damre submitted Timesheets to Update that included time for services that were not performed from on or about September 16, 2004 through December 18, 2005, which Timesheets were false (the "False Timesheets").

24.    Damre knew that information set forth in the False Timesheets submitted to Update from on or about September 16, 2004 through December 18, 2005 was false when submitted.

25.    In reliance upon the False Timesheets, Update remitted payment to Damre for hours not worked that were reflected in the False Timesheets submitted to Update.

26.    As a result of the foregoing wrongful conduct of Damre, Update has been damaged in an amount greater than the jurisdictional amount of this Court, which amount includes, but is not limited to, Update's costs and expenses, including attorneys' fees incurred in litigating this action, as well as punitive damages in the amount of no less than $1,000,000.

## COUNT 2 – CONVERSION

27.    Update incorporates by this reference paragraphs 1 through 26, inclusive, of this Complaint as if set forth in full herein.

28.    Update made payments to Damre or for the benefit of Damre in the total amount of $136,593.47 for services not rendered by Damre but included in the False Timesheets submitted by Damre to Update.

29.    Upon information and belief, Damre has retained the sums remitted by Update for his own use with the intention to permanently deprive Update of the use of said funds.

4

30. Damre has failed and refused to return said funds to Update, despite due demand for same.

31. As a result of the foregoing wrongful conduct of Damre, Update has been damaged in the amount of $136,593.47, as well as an amount including, but not limited to, Update's costs and expenses, including attorneys' fees incurred in litigating this action, as well as punitive damages in the amount of no less than $1,000,000.

## COUNT 3 – UNJUST ENRICHMENT

32. Update incorporates by this reference paragraphs 1 through 31, inclusive, of this Complaint as if set forth in full herein.

33. As a result of the foregoing, Damre has been unjustly enriched in an amount greater than the jurisdictional amount of this Court, which amount shall be determined at the trial of this action.

**WHEREFORE**, Update demands judgment in its favor against Damre as follows:

(a) on Count 1 for fraud, for all damages as a result of Damre's fraud, in an amount greater than the jurisdictional amount of this Court, which amount includes, but is not limited to, Update's costs and expenses, including attorneys' fees incurred in litigating this action, as well as punitive damages in the amount of no less than $1,000,000;

(b) on Count 2 for conversion, for damages as a result of defendant's conversion, in the amount of $136,593.47, as well as an amount including, but not limited to, Update's costs and expenses, including attorneys' fees incurred in litigating this action, as well as punitive damages in the amount of no less than $1,000,000;

(c) on Count 3 for unjust enrichment, for damages as a result of Damre's unjust enrichment, in an amount greater than the jurisdictional amount of this Court, which amount shall be determined at the trial of this action, plus interest and the costs incurred in this action; and

(d) for such other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

Update hereby demands a trial by jury.

Dated:  March 6, 2006

Respectfully submitted,

Maryll Weatherston Toufanian
(D.C. Bar No. 486672)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C., 20036
(202) 778-1800

Joel A. Klarreich
Andrew W. Singer
TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

Attorneys for Plaintiff Update, Inc.